LUHRING, J.
This is a bill for an absolute divorce on the ground that on February 1st, 1930, the defendant “wilfully and without just cause or excuse deserted and abandoned plaintiff and said desertion and abandonment has continued without interruption for more than two years and to the present time.” The bill was filed September 10th, 1935.
The defendant did not appear, and the court appointed Ellis P. Block, a member of this bar, to defend.
The plaintiff testified that she and the defendant were married at Buffalo, New York, on the 26th day of September, 1928, and lived and cohabited together as husband and wife until the 1st day of February, 1930, in the State of New York; that at the time of the desertion they were living at 1032 Clinton Street, Buffalo, New York. She testifies further that the defendant went to his mother’s home in Alexandria, New York, and that she saw him there one *87 night, and that on the 7th day of February, 1930, “he left again” and that she has not seen him since that time.
The plaintiff further testifies that she came to Washington, D. C., March 9th, 1933, and on October 13th obtained a “Government job,” and that she has been a resident of the District of Columbia since that time. She states that in August, 1935, she registered to vote in the State of New York because she thought it might assist her in obtaining a better position in the Government service. She claims that she did not cast a vote that year.
The father of the plaintiff, testifying as a witness in her behalf, says that he has lived in the District of Columbia “three years in March”; that his daughter came to Washington “a week or so ahead of me” from Buffalo, New York, in March, 1933. He further testifies that the defendant left the plaintiff in February, 1930.
This was all the testimony for the plaintiff.
Title 14, Sec. 61, Code D. C., as amended by the Act of August 7th, 1935, is as follows:
“No decree of nullity of marriage or divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor, and no divorce shall be decreed in favor of any person who has not been a bona fide resident of said District for at least two years next before the application therefor for any cause which shall have occurred out of said District and prior to residence therein.”
The evidence discloses that within a month before the filing of her bill for divorce on September 10th, 1935, the plaintiff registered as a legal voter of the State of New York. Under the statute just quoted she was required to be “a bona fide resident” of the District “for at least two years next before” her application for divorce could be considered. However, during that time she satisfied the authorities of the State of New York that she was entitled *88 to be registered there as a duly qualified voter under the Constitution and laws of that State. Clearly this plaintiff was not a resident of both places. She could not at the same time qualify as a legal voter of New York and sue for divorce in the District of Columbia as a resident of the City of Washington.
As was said by Mr. Justice Morris in Downs v. Downs, 23 App. D. C. 381, 387-388:
“Now, it is not open to argument that there cannot be at the same time two such places of residence. It is a law of our physical existence that one cannot be in two places at the same time; and it is equally a law of our civil existence that there cannot be two places of residence, each with the intention of our remaining there permanently or. indefinitely and of its becoming our fixed and permanent home. . . . And for the same reason, where the same prerequisite of residence is required for divorce and for the exercise of the elective franchise, one cannot at the same time be a resident of one jurisdiction for one of these purposes and a resident of another jurisdiction for the other purpose. And yet this is precisely what the appellee claims in the present instance. We must -regard the claim as wholly inadmissible.”
Because of the unsatisfactory proof of bona fide residence in the District, the bill must be dismissed.
' Counsel will please prepare decree.
After considering the additional evidence offered by the plaintiff, the Court is of the same opinion as expressed in the memorandum filed herein on the 18th day of March, 1936.
The fact remains that this plaintiff did register as a legal voter of the State of New York shortly before she filed her petition for divorce herein.
The Court is not concerned with her motive or intent in the face of this solemn declaration that, as a resident of the State of New York, she was entitled to vote there.
The petition for divorce is dismissed, and counsel will furnish decree on the 15th day of July, 1936.